UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

JOHN CHARLTON,

     Plaintiff,

     v.

CAROLYN W. COLVIN,
Acting Commissioner of Social
Security,

     Defendant.

No.  2:16-CV-0013-RHW

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND ORDER OF REMAND**

Before the Court are the parties' cross-motions for summary judgment, ECF Nos. 12 & 13. Mr. Charlton brings this action seeking judicial review, pursuant to 42 U.S.C. § 405(g), of the Commissioner's final decision, which denied his application for Disability Insurance Benefits under Title II of the Social Security Act, 42 U.S.C §§ 401-434.  After reviewing the administrative record and briefs filed by the parties, the Court is now fully informed. For the reasons set forth below, the Court **GRANTS** Mr. Charlton's Motion for Summary Judgment and **REMANDS** for additional proceedings consistent with this order.

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** ~ 1

1

## I.    Jurisdiction

2       Mr. Charlton filed for Disability Insurance Benefits on March 19, 2014. AR

3  137-138.  His alleged onset date is August 5, 2013. AR 137-138. Mr. Charlton's

4  application was initially denied on June 26, 2014, AR 92-94, and on

5  reconsideration on September 16, 2014, AR 98-102.

6       A hearing with Administrative Law Judge ("ALJ") Marie Palachuk occurred

7  on May 21, 2015. AR 37-70. On July 10, 2015, the ALJ issued a decision finding

8  Mr. Charlton ineligible for disability benefits. AR 14-36.  The Appeals Council

9  denied Mr. Charlton's request for review on November 20, 2015, AR 1-4, making

10 the ALJ's ruling the "final decision" of the Commissioner.

11      Mr. Charlton timely filed the present action challenging the denial of

12 benefits, on January 15, 2016. ECF No. 3. Accordingly, Mr. Charlton's claims are

13 properly before this Court pursuant to 42 U.S.C. § 405(g).

14

## II.    Sequential Evaluation Process

15      The Social Security Act defines disability as the "inability to engage in any

16 substantial gainful activity by reason of any medically determinable physical or

17 mental impairment which can be expected to result in death or which has lasted or

18 can be expected to last for a continuous period of not less than twelve months."  42

19 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  A claimant shall be determined to be

20 under a disability only if the claimant's impairments are of such severity that the

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 2**

1 | claimant is not only unable to do his previous work, but cannot, considering

2 | claimant's age, education, and work experience, engage in any other substantial

3 | gainful work that exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A) &

4 | 1382c(a)(3)(B).

5 | The Commissioner has established a five-step sequential evaluation process

6 | for determining whether a claimant is disabled within the meaning of the Social

7 | Security Act.  20 C.F.R. §§ 404.1520(a)(4) & 416.920(a)(4); *Lounsburry v.*

8 | *Barnhart,* 468 F.3d 1111, 1114 (9th Cir. 2006).

9 | Step one inquires whether the claimant is presently engaged in "substantial

10 | gainful activity."  20 C.F.R. §§ 404.1520(b) & 416.920(b).  Substantial gainful

11 | activity is defined as significant physical or mental activities done or usually done

12 | for profit.  20 C.F.R. §§ 404.1572 & 416.972.  If the claimant is engaged in

13 | substantial activity, he or she is not entitled to disability benefits.  20 C.F.R. §§

14 | 404.1571 & 416.920(b).  If not, the ALJ proceeds to step two.

15 | Step two asks whether the claimant has a severe impairment, or combination

16 | of impairments, that significantly limits the claimant's physical or mental ability to

17 | do basic work activities.  20 C.F.R. §§ 404.1520(c) & 416.920(c).  A severe

18 | impairment is one that has lasted or is expected to last for at least twelve months,

19 | and must be proven by objective medical evidence.  20 C.F.R. §§ 404.1508-09 &

20 | 416.908-09.  If the claimant does not have a severe impairment, or combination of

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 3**

1    impairments, the disability claim is denied, and no further evaluative steps are

2    required.  Otherwise, the evaluation proceeds to the third step.

3         Step three involves a determination of whether any of the claimant's severe

4    impairments "meets or equals" one of the listed impairments acknowledged by the

5    Commissioner to be sufficiently severe as to preclude substantial gainful activity.

6    20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526 & 416.920(d), 416.925, 416.926;

7    20 C.F.R. § 404 Subpt. P. App. 1 ("the Listings").  If the impairment meets or

8    equals one of the listed impairments, the claimant is *per se* disabled and qualifies

9    for benefits.  *Id.*  If the claimant is not *per se* disabled, the evaluation proceeds to

10   the fourth step.

11        Step four examines whether the claimant's residual functional capacity

12   enables the claimant to perform past relevant work.  20 C.F.R. §§ 404.1520(e)-(f)

13   & 416.920(e)-(f).  If the claimant can still perform past relevant work, the claimant

14   is not entitled to disability benefits and the inquiry ends.  *Id.*

15        Step five shifts the burden to the Commissioner to prove that the claimant is

16   able to perform other work in the national economy, taking into account the

17   claimant's age, education, and work experience. *See* 20 C.F.R. §§ 404.1512(f),

18   404.1520(g), 404.1560(c) & 416.912(f), 416.920(g), 416.960(c).  To meet this

19   burden, the Commissioner must establish that (1) the claimant is capable of

20   performing other work; and (2) such work exists in "significant numbers in the

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT ~ 4**

1 national economy."  20 C.F.R. §§ 404.1560(c)(2); 416.960(c)(2); *Beltran v. Astrue,*

2 676 F.3d 1203, 1206 (9th Cir. 2012).

3                    **III.    Standard of Review**

4      A district court's review of a final decision of the Commissioner is governed

5 by 42 U.S.C. § 405(g).  The scope of review under § 405(g) is limited, and the

6 Commissioner's decision will be disturbed "only if it is not supported by

7 substantial evidence or is based on legal error."  *Hill v. Astrue*, 698 F.3d 1144,

8 1158-59 (9th Cir. 2012) (citing § 405(g)).  Substantial evidence means "more than

9 a mere scintilla but less than a preponderance; it is such relevant evidence as a

10 reasonable mind might accept as adequate to support a conclusion." *Sandgathe v.*

11 *Chater*, 108 F.3d 978, 980 (9th Cir.1997) (quoting *Andrews v. Shalala*, 53 F.3d

12 1035, 1039 (9th Cir. 1995)) (internal quotation marks omitted).  In determining

13 whether the Commissioner's findings are supported by substantial evidence, "a

14 reviewing court must consider the entire record as a whole and may not affirm

15 simply by isolating a specific quantum of supporting evidence."  *Robbins v. Soc.*

16 *Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (quoting *Hammock v. Bowen*, 879

17 F.2d 498, 501 (9th Cir. 1989)).

18      In reviewing a denial of benefits, a district court may not substitute its

19 judgment for that of the ALJ.  *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir.

20 1992).  If the evidence in the record "is susceptible to more than one rational

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 5**

interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012); *see also Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (if the "evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the conclusion must be upheld").  Moreover, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Molina*, 674 F.3d at 1111.  An error is harmless "where it is inconsequential to the [ALJ's] ultimate non-disability determination." *Id.* at 1115. The burden of showing that an error is harmful generally falls upon the party appealing the ALJ's decision. *Shinseki v. Sanders*, 556 U.S. 396, 409–10 (2009).

## IV.    Statement of Facts

The facts of the case are set forth in detail in the transcript of proceedings, and only briefly summarized here.  Mr. Charlton was 29 years old at the alleged date of onset. AR 152. He has at least a high school education and is able to communicate in English. AR 31. The ALJ found Mr. Charlton to suffer from disc protrusion and stenosis with subsequent laminectomy L5-S1, chondromalacia patella, and chronic pain syndrome. AR 19. The record demonstrates that Mr. Charlton has also been diagnosed to have migraines, insomnia, and adjustment disorder. AR 20. Mr. Charlton has past relevant work experience as an auto/truck mechanic, material handler, welder, fast food cook, and ranch hand. AR 30.

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 6**

1

## V.    The ALJ's Findings

2      The ALJ determined that Mr. Charlton was not under a disability within the

3  meaning of the Act from August 5, 2013, his alleged date of onset.  AR 17.

4      **At step one**, the ALJ found that Mr. Charlton had not engaged in substantial

5  gainful activity since August 5, 2013 (citing 20 C.F.R. § 404.1571 *et seq.*). AR 19.

6      **At step two**, the ALJ found Mr. Charlton had the following severe

7  impairments: disc protrusion and stenosis with subsequent laminectomy L5-S1,

8  chondromalacia patella, and chronic pain syndrome (citing 20 C.F.R. §

9  404.1520(c)). AR 19-22.

10      At **step three**, the ALJ found that Mr. Charlton did not have an impairment

11  or combination of impairments that meets or medically equals the severity of one

12  of the listed impairments in 20 C.F.R. §§ 404, Subpt. P, App. 1. AR 22-24.

13      At **step four**, the ALJ found Mr. Charlton had the residual functional

14  capacity to perform sedentary work as defined in 20 CFR 404.1567(a) with these

15  exceptions: (1) he must have the ability to alternate between sitting and standing

16  every forty-five to sixty minutes; (2) he can occasionally climb ramps and stairs,

17  balance, stoop, kneel, crouch and crawl; and (3) he can never climb ladders, ropes

18  and scaffolds, and he must avoid all exposure to hazards. AR 24-30.

19      The ALJ determined that Mr. Charlton is unable to perform his past relevant

20  work. AR 30-31.

1    At **step five**, the ALJ found that in light of his age, education, work

2 experience, and residual functional capacity, there are jobs that exist in significant

3 numbers in the national economy that he can perform. AR 31. Specifically, the

4 ALJ identified jobs as products assembler, garment sorter, and hand bander. AR

5 31-32.

6                              **VI.   Issues for Review**

7    Mr. Charlton argues that the Commissioner's decision is not free of legal

8 error and not supported by substantial evidence. Specifically, he argues the ALJ

9 erred by: (1) finding that Mr. Charlton's adjustment disorder was not a severe

10 impairment at Step Two of the sequential process; (2) improperly evaluating the

11 medical opinion evidence of Dr. Michael D'Angelo and Dr. Amy Dowell; and (3)

12 improperly rejecting lay witness testimony of Ms. Charlton with respect to the

13 severity of Mr. Charlton's adjustment disorder.

14                                **VII.   Discussion**

15   **A. The ALJ Did Err in Her Step Two Analysis.**

16    At step two in the five-step sequential evaluation for Social Security cases,

17 the ALJ must determine whether a claimant has a medically severe impairment or

18 combination of impairments. An impairment is found to be not severe "when

19 medical evidence establishes only a slight abnormality or a combination of slight

20 abnormalities which would have no more than a minimal effect on an individual's

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 8**

1    ability to work." *Yuckert v. Bowen,* 841 F.2d 303, 306 (9th Cir. 1988) (quoting

2    SSR 85-28). Step two is "a de minimis screening device [used] to dispose of

3    groundless claims," and the ALJ is permitted to find a claimant lacks a medically

4    severe impairment only when the conclusion is clearly established by the record.

5    *Webb v. Barnhart*, 433 F. 683, 687 (9th Cir. 2005) (quoting *Smolen v. Chater*, 80

6    F.3d 1273, 1290 (9th Cir.1996)).

7         The ALJ found Mr. Charlton's diagnosed mental impairment, adjustment

8    disorder, to be non-severe, and she found that Mr. Charlton engaged in substantial

9    gainful activity with medication and treatment. AR 20. After Mr. Charlton's

10   diagnoses and prior to Mr. Charlton's alleged onset date of August 5, 2013, Mr.

11   Charlton did engage in substantial gainful activity. AR 20-21. However, the

12   decision by the ALJ is devoid of any reference to the fact that Mr. Charlton's

13   treating provider, Maria Cuenco, M.D. consistently assigned Mr. Charlton a 50%

14   service connected disability rating for his adjustment disorder after his alleged

15   onset date. AR 551, 565, 567, 574, 576, 583, 587.

16        Under step 2, an impairment is not severe if it does not significantly limit a

17   claimant's ability to perform basic work activities. *Edlund v. Massanari*, 253 F.3d

18   1152, 1159 (9th Cir. 2001) (citing 20 C.F.R. § 404.1521(a)(b)). Because Mr.

19   Charlton's disorder ultimately led to the honorable medical discharge from Mr.

20

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 9**

1    Charlton's substantial gainful activity it should qualify as a severe impairment

2    under step 2. AR 25.

3        Because Mr. Charlton was found to have at least one severe impairment, this

4    case was not resolved at step two. Mr. Charlton does not assign error to the ALJ's

5    finding at step three. Importantly, any error in the ALJ's finding at step two is

6    harmless, if all impairments, severe and non-severe, were considered in the

7    determination Mr. Charlton's residual functional capacity. *See Lewis v. Astrue*, 498

8    F.3d 909, 910 (9th Cir. 2007) (holding that a failure to consider an impairment in

9    step two is harmless error where the ALJ includes the limitations of that

10   impairment in the determination of the residual functional capacity). Because the

11   ALJ failed to account for all of these impairments in step four, the Court finds this

12   was not harmless error.

13   **B. The ALJ Improperly Evaluated Some of the Medical Opinion Evidence.**

14   **1. Legal Standard.**

15       The Ninth Circuit has distinguished between three classes of medical

16   providers in defining the weight to be given to their opinions: (1) treating

17   providers, those who actually treat the claimant; (2) examining providers, those

18   who examine but do not treat the claimant; and (3) non-examining providers, those

19   who neither treat nor examine the claimant. *Lester v. Chater*, 81 F.3d 821, 830 (9th

20   Cir. 1996) (as amended).

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT ~ 10**

1    A treating provider's opinion is given the most weight, followed by an

2  examining provider, and finally a non-examining provider. *Id*. at 830-31. In the

3  absence of a contrary opinion, a treating or examining provider's opinion may not

4  be rejected unless "clear and convincing" reasons are provided. *Id*. at 830. If a

5  treating or examining provider's opinion is contradicted, it may only be discounted

6  for "specific and legitimate reasons that are supported by substantial evidence in

7  the record." *Id*. at 830-31.

8    The ALJ may meet the specific and legitimate standard by "setting out a

9  detailed and thorough summary of the facts and conflicting clinical evidence,

10  stating his interpretation thereof, and making findings." *Magallanes v. Bowen*, 881

11  F.2d 747, 751 (9th Cir. 1989) (internal citation omitted). When rejecting a treating

12  provider's opinion on a psychological impairment, the ALJ must offer more than

13  his or her own conclusions and explain why he or she, as opposed to the provider,

14  is correct. *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988). Additionally,

15  the ALJ is the "final arbiter" with regard to medical evidence ambiguities,

16  including differing physicians' opinions. *Tommaetti v. Astrue*, 533 F.3d 1035, 1041

17  (9th Cir. 2008).

18  **2.  Michael D'Angelo, Psy. D.**

19    Mr. Charlton argues that the ALJ erred when she gave significant weight to

20  the opinion of Dr. D'Angelo. ECF No. 12 at 4-5. The ALJ gave Dr. D'Angelo's

1  opinion significant weight "as Dr. D'Angelo treated the claimant since its onset."

2  AR 21. While the record does not directly support that Dr. D'Angelo was a treating

3  provider, he was, at least, an examining provider. AR 237-38. Additionally, Mr.

4  Charlton does not specify what opinions by his treating and other examining

5  physicians are contrary to Dr. D'Angelo's opinions, as Dr. D'Angelo also

6  diagnosed Mr. Charlton with chronic adjustment disorder. AR 238. However, the

7  Court finds the ALJ did err in assigning significant weight based on treatment by

8  Dr. D'Angelo "since the onset," as the record demonstrates that Dr. D'Angelo

9  examined Mr. Charlton roughly one month prior to the onset date but not any time

10  thereafter. AR 21, 237.

11  Moreover, the ALJ did not account for any mental impairments in her

12  calculation of the residual functional capacity. An ALJ must take into account all

13  limitations and restrictions of a claimant when calculating a residual functional

14  capacity. *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009).

15  Thus, this error is not harmless because it cannot be considered inconsequential to

16  the determination of disability. *Molina*, 674 F.3d at 1115.

17  **3.  Amy Dowell, M.D.**

18  Mr. Charlton asserts that the ALJ erred in her evaluation of the medical

19  opinion of Dr. Dowell. ECF No. 12 at 6-8. Dr. Dowell was an examining doctor.

20  The ALJ and the parties do not cite to a contrary opinion, nor does the Court's

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 12**

1  review of the record find one; rather Mr. Charlton asserts that Dr. Dowell's own

2  examination is contrary to her ultimate medical opinion. However, the medical

3  opinions of non-examining doctors, Dr. Matthew Comrie and Dr. Steven Haney,

4  corroborate, and are consistent with, the findings of Dr. Dowell. AR 22, 75-76, 85-

5  86. Dr. Dowell's opinion is also consistent with the findings of Mr. Charlton's

6  treating physician, Maria Cuenco, M.D., as Mr. Charlton's stress level improved to

7  an acceptable baseline after only four sessions with Dr. Cuenco, who felt

8  comfortable terminating therapy. AR 424, 562.

9     Accordingly, the Court does not assign error to the ALJ's evaluation of the

10  medical opinion of Dr. Dowell. However, as with Dr. D'Angelo, the ALJ did not

11  account for any of the mental impairments stated by Dr. Dowell in the ALJ's

12  calculation of the residual functional capacity. *See supra* p.12. Thus, this error is

13  not harmless because it cannot be considered inconsequential to the determination

14  of disability. *Molina*, 674 F.3d at 1115.

15  **C. The ALJ Properly Rejected the Lay Witness Testimony.**

16     The opinion testimony of Mr. Charlton's wife, Cherish Charlton, falls under

17  the category of "other sources." "Other sources" for opinions include nurse

18  practitioners, physicians' assistants, therapists, teachers, social workers, spouses,

19  and other non-medical sources. 20 C.F.R. §§ 404.1513(d), 416.913(d). An ALJ is

20  required to "consider observations by non-medical sources as to how an

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT ~ 13**

impairment affects a claimant's ability to work." *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir.1987). Non-medical testimony can never establish a diagnosis or disability absent corroborating competent medical evidence. *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir.1996). An ALJ is obligated to give reasons germane to "other source" testimony before discounting it. *Dodrill v. Shalala*, 12 F.3d 915 (9th Cir.1993).

In her decision, the ALJ afforded little weight to the testimony of Ms. Charlton in assessing the severity of Mr. Charlton's adjustment disorder. AR 22. The ALJ opined that Ms. Charlton is not "medically trained to make exacting observations as to the dates, frequencies, types and degrees of signs and symptoms, or the frequency or intensity of unusual moods or mannerisms." *Id*. Furthermore, the ALJ reasoned that Ms. Charlton's testimony is afforded little weight because it "is simply not consistent with the preponderance of the opinions and observations by medical doctors in this case." *Id*.

The Court finds any error in the exclusion of this opinion by Ms. Charlton to be harmless, as the evidence otherwise contained in the record from sources that must be afforded more weight (examining physicians) is directly contradictory to Ms. Charlton's assessment of the severity of Mr. Charlton's adjustment disorder.

In addition, "[w]here lay witness testimony does not describe any limitations not already described by the claimant, and the ALJ's well-supported reasons for

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 14**

1   rejecting the claimant's testimony apply equally well to the lay witness testimony,

2   it would be inconsistent with our prior harmless error precedent to deem the ALJ's

3   failure to discuss the lay witness testimony to be prejudicial per se." *Molina,* 674

4   F.3d at 1117.

5       The ALJ rejected Mr. Charlton's testimony and credibility, a finding he does

6   not challenge. AR 25.  As the information provided by Ms. Charlton is cumulative

7   to that provided by Mr. Charlton, any failure by the ALJ to properly address this

8   lay witness testimony would be harmless error. *See Molina*, 674 F.3d at 1117.

9   **D. Remedy.**

10      The Court has the discretion to remand the case for additional evidence and

11  findings or to award benefits.  *Smolen*, 80 F.3d at 1292.  The Court may award

12  benefits if the record is fully developed and further administrative proceedings

13  would serve no useful purpose.  *Id.*  Remand is appropriate when additional

14  administrative proceedings could remedy defects.  *Rodriguez v. Bowen*, 876 F.2d

15  759, 763 (9th Cir. 1989).  In this case, the Court finds that further proceedings are

16  necessary for a proper determination to be made.

17      On remand, the ALJ shall consider the opinion of Dr. D'Angelo in

18  accordance with the analysis of Dr. D'Angelo's opinion in this Order. The ALJ

19  will also consider the objective testimony related to Mr. Charlton's mental

20  impairments. Once accepting these opinions, the ALJ shall recalculate the residual

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT ~ 15**

1   functional capacity, considering all impairments, and then evaluate, based on this

2   updated residual functional capacity, Mr. Charlton's ability to perform past

3   relevant work, as well as work available in the national economy.

### VIII.  Conclusion

5   Having reviewed the record and the ALJ's findings, the Court finds the

6   ALJ's decision is not supported by substantial evidence and contains legal error.

7   Accordingly, **IT IS ORDERED:**

8   1.  Plaintiff's Motion for Summary Judgment, **ECF No. 12**, is **GRANTED,**

9   **in part.**

10   2.  Defendant's Motion for Summary Judgment, **ECF No. 13,** is **DENIED.**

11   3.  The District Court Executive is directed to enter judgment in favor of

12   Plaintiff and against Defendant.

13   4. This matter is **REMANDED** to the Commissioner for further proceedings

consistent with this Order.

14   **IT IS SO ORDERED.** The District Court Executive is directed to enter this

15   Order, forward copies to counsel and **close the file**.

16   **DATED** this 3rd day of October, 2016.

17

18                    *s/Robert H. Whaley*
                    ROBERT H. WHALEY
            Senior United States District Judge

19

20

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT** ~ 16